UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADEN C. SMITH II, ) | |
| ) | |
| Plaintiff, ) | Case: 1:22-cv-04029 |
| ) | |
| v. ) | |
| ) | |
| GODDESS AND THE BAKER LLC, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Braden C. Smith II ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Goddess And The Baker LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's race and disability discrimination and retaliation under Title VII, and ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under the Title VII and the ADA.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

9. Plaintiff is an individual residing at Cook County, IL 60613.

10. Defendant operates a bakery at 165 W. Superior, #2, Chicago, Cook County, IL 60654, in which is in this judicial district.

11. At all times relevant, Plaintiff was employed and worked at Defendant's Bakery is location at 165 W. Superior, #2, Chicago, IL 60654.

## BACKGROUND FACTS

12. Plaintiff was hired on or about July 14, 2021 by Goddess and the Baker ("GTB") as a cashier/runner.

2

13. Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

14. Plaintiff was subjected to discrimination on the basis of his race, African-American and his disability.

15. On or about August 10, 2021, Plaintiff provided his manager, Mr. Jason Garofalo, a doctor's note regarding his disability.

16. At that time, Plaintiff asked his managers whether he needed to fill out or submit any accommodation forms.

17. Defendant stated "no" and directed Plaintiff to advise them if he need anything.

18. Plaintiff advised Defendant that there are occasions where his glucose level go off balance and that he only need to step away a few minutes to adjust is glucose levels.

19. Defendant denied Plaintiff's request for a reasonable accommodation.

20. Plaintiff suffered discrimination and retaliation not only on the basis of his disability, but also on the basis of his race (African-American).

21. Plaintiff was treated less favorably than similarly situated employees outside of his protected class.

22. On or about October 14, 2021, Plaintiff's supervisor, Crystal Zarasoza, threatened to terminate Plaintiff's employment if Plaintiff could not get anyone to cover his shift.

23. Several of the Plaintiff's non-African-American coworkers called off multiple times without having this issue.

24. The Plaintiff was subjected to comments from management such as, that "he has the white man's disease."

25. Defendant's comments were disparaging and intended to embarrass. These

comments were not made to non-African- Americans.

26. The Defendant would always choose to send the Plaintiff home when business was slow instead of sending home one of the non-African-American co-workers

27. Additionally, as a consequence of Plaintiff's disability, Plaintiff has to eat regularly. Accordingly, Plaintiff would take a protein drink to work so Plaintiff may easily consume it throughout his workday to help maintain his glucoses levels.

28. On or about October 21, 2021, Defendant, through its manager, advised Plaintiff he could not drink his drink while on the clock.

29. However, non-disabled and non-African-American co-workers of Plaintiff regularly ate food while on the clock.

30. The Plaintiff asked if he could still keep his drink out of site nearby, but was told "no." Defendant denied this reasonable accommodation to the Plaintiff.

31. On or about November 22, 2021 and again on or about September, 2021, Plaintiff experienced three diabetic episodes and Defendant sent Plaintiff home from work.

32. During those three occasions, Defendant's manager denied Plaintiff the reasonable accommodation to get his glucose levels back to normal, which would have only taken a few minutes.

33. Plaintiff could have simply gone to the break room and this would have allowed Plaintiff to get his level back to normal but, again, was denied this reasonable accommodation.

34. On or about November 2021, Plaintiff advised his manager of going to take his medication and that he was going to clean the bathroom thereafter.

35. After administering his medication, the Plaintiff cleaned the bathroom as part of his duties.

36. However, Defendant's manager challenged Plaintiff as to why he had taken so long in the bathroom.

37. Defendant disciplined Plaintiff by issuing him a write up for snacking on shift and for taking too long in the bathroom.

38. Plaintiff advised his managers that this was a violation of the ADA and requested a meeting with the head management, Tammy (LNU) and Defendant's Human Resources.

39. On or about November 30, 2021 Plaintiff was informed that he was being terminated for taking too long in the bathroom.

40. Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

41. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

## COUNT I
### Violation of 42 U.S.C. Section 1981
### Race-Based Discrimination

42. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

43. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

44. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

45. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

46. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

### COUNT II
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.
### Color-Based Discrimination

47. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

49. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

50. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

51. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

### COUNT III
### Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.
### Race-Based Harassment

52. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race, African-American, in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54. Defendant knew or should have known of the harassment.

55. The race harassment was severe or pervasive.

56. The race harassment was offensive subjectively and objectively.

57. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his race, African-American.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
**Violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.
Disability-Based Harassment**

59. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

61. Defendant knew or should have known of the harassment.

62. The disability harassment was offensive subjectively and objectively.

63. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to his disability.

64. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has

suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Violations of the Americans with Disabilities Act ("ADA")
### Disability Discrimination

65. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

66. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

67. Defendant terminated Plaintiff's employment on the basis of his disability.

68. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

69. Plaintiff is a member of a protected class under the ADA, due to his disability.

70. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

71. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
### Retaliation in Violation of 42 U.S.C. § 12101, *et seq.*

72. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

73. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq*.

74. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful disability discrimination which created a sufficiently severe or pervasive work condition in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

75. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of disability discrimination.

76. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

77. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the disability-based discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

78. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

79. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

  c. Compensatory and punitive damages;

  d. Reasonable attorneys' fees and costs;

  e. Award pre-judgment interest if applicable; and

  f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 2nd day of August 2022.

        */s/ Nathan C. Volheim*
        **NATHAN C. VOLHEIM, ESQ.**
        IL Bar No.: 6302103
        **CHAD W. EISENBACK, ESQ.**
        IL Bar No.: 6340657
        **SULAIMAN LAW GROUP LTD.**
        2500 S. Highland Avenue, Suite 200
        Lombard, Illinois 60148
        Phone (630) 568-3056
        Fax (630) 575 - 8188
        nvolheim@sulaimanlaw.com
        ceisenback@sulaimanlaw.com
        *Attorneys for Plaintiff*